**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 11 2008   ★

BROOKLYN OFFICE

**ORIGINAL**

OVED & OVED LLP
*Attorneys for Petitioner*
Darren Oved, Esq.
Daniel M. Seidenstein, Esq.
101 Avenue of the Americas, 15th Floor
New York, NY 10013
212.226.2376

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

BETZALEL SCHWARTZMAN,

                      *Petitioner,*

   -against-

YAAKOV HARLAP a/k/a JACOB CHARLAP,

                    *Respondent.*

-------------------------------------------------------------------X

**CV .08-4990**

Case No.: 08 Civ. ___

**PETITION TO CONFIRM
ARBITRATION AWARD**

COGAN, J.

POLLAK, M.J

      Petitioner, Betzalel Schwartzman ("Petitioner"), by his attorneys Oved & Oved LLP, complaining of the above-named Respondent, Yaakov Harlap a/k/a Jacob Charlap ("Respondent"), alleges upon information and belief as follows:

**THE PARTIES**

    1.    At all material times, Petitioner was and is a citizen of Israel, with his principal residence in Israel. (See Declaration of Betzalel Schwartzman, annexed hereto as "Schwartzman Dec.," ¶ 1.)

    2.    At all material times, Respondent was and is a resident of the State of New York with a principal place business located at 78-26 Parsons Boulevard, Flushing, NY 11366, where he also holds assets. (Schwartzman Dec. ¶ 2)

**JURISDICTION**

    3.    The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

    4.    Jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203.

5.   Venue is proper in this Court pursuant to 9 U.S.C. § 204.

### FACTUAL BACKGROUND

6.   Both Petitioner and Respondent are merchants involved in, *inter alia*, the trade of *etrogim*, seasonal citrus fruits of significant ritual value during the Jewish festival holiday of *Sukkot*. (Schwartzman Dec. ¶ 3.)

7.   A dispute arose between Petitioner and Respondent in connection with a transaction of *etrogim* whereby Respondent withheld Sixty-Six Thousand Dollars ($66,000.00) otherwise due and owing to Petitioner. (Schwartzman Dec. ¶ 4.)

8.   The agreement underlying the transaction included a provision agreeing that any dispute regarding the transaction would be submitted to rabbinical arbitration (the "Arbitration Agreement"). (Schwartzman Dec. ¶ 5.) A true and accurate copy of the Arbitration Agreement is annexed hereto as **Exhibit A**.

9.   Pursuant to the Arbitration Agreement, the parties agreed to have their dispute adjudicated by the Beit Hora'ah for Monetary Law, a specialized rabbinical arbitration court in Western Bnei Brak, Israel, presided over by Rabbi Shmuel Eliezer Stern (the "Arbitrator"). (Schwartzman Dec. ¶ 6.)

10.   Both parties submitted pleadings and evidence to the Arbitrator, which the Arbitrator considered. (Schwartzman Dec. ¶ 7.)

11.   On September 26, 2006, the Arbitrator issued an award (the "Initial Award") as follows:

> In the matter of the dispute between Harav Yaakov Harlap and Harav Betzalel Schwartzman and his son, after the parties signed an Arbitration Agreement and after hearing the arguments, I issue the following judgment:

Notwithstanding the harsh objections and arguments that Rav Harlap has against the quality of the shipment and other various complaints, nevertheless, since he did have an opportunity to delay and examine each and every esrog, and since the supervision on his part was executed, and moreover there is confirmation signed by Rav Harlap on the quality and price of the merchandise, and there was no notification to cancel it,

Therefore, in my opinion there is no justifiable reason according to Halacha to delay the remainder of the payment upon which Defendant aigned (sic) by his own signature and therefore, he has to pay the sum in full within 30 days from [September 26, 2006].

The entire sum should be deposited only into the hands of the Court Secretaryl (sic).

The amount of the debt is $66,000 (sixty-six thousand dollars).

(Schwartzman Dec. ¶ 8, Exhibit B).

12.    A true and accurate copy of the Initial Award is annexed hereto as **Exhibit B**, together with certified English translation of the same.

13.    By November 2006, Respondent had not complied with the Initial Award, failing to pay any of the monies owed to Petitioner. (Schwartzman Dec. ¶ 9.)

14.    Therefore, on November 5, 2006, Petitioner moved in the Jerusalem Magistrate's Court for an order confirming the Initial Award and converting it into a judgment. (Schwartzman Dec. ¶ 10.)

15.    Respondent opposed the motion to confirm and requested that the Initial Award be vacated. (Schwartzman Dec. ¶ 11.)

16.    On June 5, 2007, the parties participated in a conference in Jerusalem Magistrate's Court, whereby they stipulated that: (i) their dispute would be resubmitted to the Arbitrator for reconsideration; (ii) the Arbitrator would issue a written decision stating whether the holdings set forth in the Initial Award had changed; (iii) the Arbitrator's decision would be considered final and binding, and that no further motions or challenges would filed; and (iv) the

non-prevailing party would pay the prevailing party expenses of Two Thousand New Israeli Shekels (2000 N.I.S.) plus lawful value-added tax. (Schwartzman Dec. ¶ 12, Exhibit C.)

17.    This stipulation was ordered into effect on the same day by the decision of the presiding Jerusalem Magistrate's Court Judge, Judge Oded Shaham (the "June 2007 Stipulation and Order"). (Schwartzman Dec. ¶ 13, Exhibit C.)

18.    A true and accurate copy of the June 2007 Stipulation and Order is annexed hereto as **Exhibit C**, together with a certified English translation of the same.

19.    On August 7, 2007, the Arbitrator, per the June 2007 Stipulation and Order, reiterated the findings of the Initial Award and confirmed that there were no further outstanding issues (the "Final Award"). (Schwartzman Dec. ¶ 14, Exhibit D.)

20.    The Final Award noted that "Rav Harlap is not entitled to delay the remaining payment, i.e. $66,000, -- to the benefit of Mr. B. Schwartzman." (Schwartzman Dec. ¶ 15, Exhibit D.)

21.    A true and accurate copy of the Final Award is annexed hereto as **Exhibit D**, together with a certified English translation of the same.

22.    On September 3, 2007, the Jerusalem Magistrate's Court confirmed the Initial Award and the Final Award (the "Confirmation"). (Schwartzman Dec. ¶ 16.) ( A true and accurate copy of the Confirmation is attached hereto as **Exhibit E**, along with a certified English translation of the same.

23.    Petitioner hereby petitions this Court pursuant to the Convention on the Recognition & Enforcement of Foreign Arbitral Awards (the "New York Convention"), as codified and promulgated in Chapter of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* (the

"New York Convention"), for an order confirming the Final Award in favor of Petitioner and against Respondent.

24.     Both the United States and Israel, the country in which the Final Award was rendered, are signatories to the New York Convention.

25.     No grounds exist for refusal or deferral or recognition or enforcement of the Final Award against Respondent.

26.     For the foregoing reasons, this Court should enter judgment in favor of Petitioner and against Respondent recognizing and enforcing the Final Award in the amount of sixty-six thousand dollars ($66,000.00), plus costs and reasonable attorneys' fees, together with interest in an amount to be calculated from the date of the Initial Award.

27.     Petitioner herby reserves the right to further petition this Court to confirm any further award of interest or costs which may be rendered in respect of this matter.

**WHEREFORE**, Petitioner prays that: the Final Award be recognized and that judgment be entered against Respondent, and in favor of Petitioner in the amount of sixty-six thousand dollars ($66,000.00), as per the Final Award, plus costs and reasonable attorneys' fees, together with interest in an amount to be calculated from the date of the Initial Award.

Dated: New York, New York
       November 24, 2008

Respectfully submitted,

By _____
OVED & OVED LLP
Darren Oved, Esq.
Daniel M. Seidenstein, Esq.
*Attorneys for Petitioner*
101 Avenue of the Americas, 15th Floor
New York, NY 10013
212.226.2376

5

## VERIFICATION

Betzalel Schwartzman, hereby affirms, pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that:

1. I am the Petitioner in the action herein.

2. I have read and know the contents of the foregoing **VERIFIED PETITION** and that the same are true to my own knowledge, except as to the matters to be alleged on information and belief, and as to those matters I believe them be true.

3. The grounds of my belief as to all matters in said **VERIFIED PETITION** are papers and records in Petitioner's and Respondent's possession and a general investigation and review of the facts and records in this case.

Dated: New York, New York
        November 24, 2008

שורצמן בצלאל
ת.ד. 9 ...
38 ..., קרית נוכה

_____
Betzalel Schwartzman

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BETZALEL SCHWARTZMAN,

                                  *Petitioner,*

    -against-

YAAKOV HARLAP a/k/a JACOB CHARLAP,

                                    *Respondent.*
-------------------------------------------------------------------X

Case No.: 08 Civ. ___

**DECLARATION OF
BETZALEL SCHWARTZMAN**

       Petitioner, Betzalel Schwartzman, declares under the penalties of perjury pursuant to 28 U.S.C. §1746, as follows:

### THE PARTIES

   1.     I am a citizen of the State of Israel, with my principal residence located therein.

   2.     Upon information and belief, Respondent Yaakov Harlap a/k/a Jacob Charlap ("Respondent") was and is a resident of the State of New York with a principal place business located at 78-26 Parsons Boulevard, Flushing, NY 11366, where he also holds assets.

### FACTUAL BACKGROUND

   3.     Both myself and Respondent are merchants involved in, *inter alia*, the trade of *etrogim*, seasonal citrus fruits of significant ritual value during the Jewish festival holiday of *Sukkot*.

   4.     A dispute arose between myself and Respondent in connection with a transaction of *etrogim* whereby Respondent withheld Sixty-Six Thousand Dollars ($66,000.00) otherwise due and owing to me.

   5.     The agreement underlying the transaction included a provision agreeing that any dispute regarding the transaction would be submitted to rabbinical arbitration (the "Arbitration Agreement").

6.      Pursuant to the Arbitration Agreement, myself and Respondent agreed to have our dispute adjudicated by the Beit Hora'ah for Monetary Law, a specialized rabbinical arbitration court in Western Bnei Brak, Israel, presided over by Rabbi Shmuel Eliezer Stern (the "Arbitrator").

7.      We both submitted pleadings and evidence to the Arbitrator, which the Arbitrator considered.

8.      On September 26, 2006, the Arbitrator issued an award (the "Initial Award") as follows:

> In the matter of the dispute between Harav Yaakov Harlap and Harav Betzalel Schwartzman and his son, after the parties signed an Arbitration Agreement and after hearing the arguments, I issue the following judgment:
>
> Notwithstanding the harsh objections and arguments that Rav Harlap has against the quality of the shipment and other various complaints, nevertheless, since he did have an opportunity to delay and examine each and every esrog, and since the supervision on his part was executed, and moreover there is confirmation signed by Rav Harlap on the quality and price of the merchandise, and there was no notification to cancel it,
>
> Therefore, in my opinion there is no justifiable reason according to Halacha to delay the remainder of the payment upon which Defendant aigned (sic) by his own signature and therefore, he has to pay the sum in full within 30 days from [September 26, 2006].
>
> The entire sum should be deposited only into the hands of the Court Secretaryl (sic).
>
> The amount of the debt is $66,000 (sixty-six thousand dollars).

9.      By November 2006, Respondent had not complied with the Initial Award, failing to pay me any of the monies I was owed.

10.     Therefore, on November 5, 2006, I commenced an action with the Jerusalem Magistrate's Court seeking to confirm the Initial Award and convert it into a judgment.

11.    Respondent opposed my application to confirm and requested that the Initial Award be vacated.

12.    On June 5, 2007, the myself and Respondent participated in a conference in Jerusalem Magistrate's Court, whereby we stipulated that: (i) the dispute would be resubmitted to the Arbitrator for reconsideration; (ii) the Arbitrator would issue a written decision stating whether the holdings set forth in the Initial Award had changed; (iii) the Arbitrator's decision would be considered final and binding, and that no further motions or challenges would filed; and (iv) the non-prevailing party would pay the prevailing party expenses of Two Thousand New Israeli Shekels (2000 N.I.S.) plus lawful value-added tax.

13.    This stipulation was ordered into effect on the same day by the decision of the presiding Jerusalem Magistrate's Court Judge, Judge Oded Shaham (the "June 2007 Stipulation and Order").

14.    On August 7, 2007, the Arbitrator, per the June 2007 Stipulation and Order, reiterated the findings of the Initial Award and confirmed that there were no further outstanding issues (the "Final Award").

15.    The Final Award noted that "Rav Harlap is not entitled to delay the remaining payment, i.e. $66,000, -- to the benefit of Mr. B. Schwartzman."

16.    On September 3, 2007, the Jerusalem Magistrate's Court confirmed the Initial Award and the Final Award (the "Confirmation").

17.    I hereby petition this Court pursuant to the New York Convention on the Recognition & Enforcement of Foreign Arbitral Awards, as codified and promulgated in Chapter of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.* (the "New York Convention"), for an order confirming the Final Award in favor of Petitioner and against Respondent.

18.     For the foregoing reasons, this Court should enter judgment in favor of myself and against Respondent recognizing and enforcing the Final Award in the amount of sixty-six thousand dollars ($66,000.00), plus costs and reasonable attorneys' fees, together with interest in an amount to be calculated from the date of the Initial Award.

19.     I reserve the right to further petition this Court to confirm any further award of interest or costs which may be rendered in respect of this matter.

20.     I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

November 24, 2008

_____
Betzalel Schwartzman

4



78-26 Parsons Blvd.(Corner 78th Rd.)
Kew Gardens Hills, NY 11366
Phone: 718-380-Esrog or 718-380-1100
Toll Free: 1-888-Esrogim Fax: 718-380-8463

# אתרוגי חרל"פ מארץ ישראל

### Contract between Bezalel Shwartzman & Yaakov Charlap
### for Succos 2005

1. Bezalel Shwartzman will supply Yaakov Charlap with 25,000 אתרוגים

2. No אתרוגים will be taken by **anyone** other than Yaakov Charlap that are cut prior
   to ראש השנה without notifying Yaakov Charlap & no esrogim will be shipped to America for
   the entire season other than to Yaakov Charlap. Last shipment of Esrogim will be on ה—גדלי שם

3. The max. amount of Chinuch will be 40%.   Minimum amount of ראשונים\שניים 7% *which included*
   Additional Chinuch will be $6.00
   בל"פ will be 20% of total esrogim shipped with a max. of 1500 ח ראשונים

4. The cost per אתרוג will be $12.00 ea. If the amount of ראשונים\שניים is less than 7% price will
   be $10.00 per Esrog. If % of ראשונים\שניים is more than 10%, price will be $13.00 per
   esrog. If the % of ראשונים\שניים is less than 5% then Yaakov Charlap is not required to take
   any esrogim.

5. This contract supersedes any other contract between Bezalel Shwartzman & Yaakov Charlap
   and neither party will have any claim on the other, based on previous contracts.

6. Bezalel Shwartzman will pay for all expenses in Israel including foams & shipping, except for
   Esrog Boxes.

7. Yaakov Charlap will pay for all expenses in America including releasing Etrogim in America

8. Bezalel Shwartzman will take care of the פרדס to the best of his ability & make all Esrogim the
   proper yellow. *Given Esrogim will not be pd for. they will be kept longer the to market.*

9. Bezalel Shwartzman will be responsible to make מיון. No Esrogim will be packed without a
   representative from the Charlap family present. *prime Size will let Yaackov Charlap know when the mion is beginning*

10. Payment will be made as follows  25% within one month after Succos  25% within 2 months
    after Succos  25% 3 months after Succos.  25% 4 months after Succos

11. Bezalel Shwartzman will maintain the הכשר on all פרדסים from Belz or Rav Stern.

12. *Both parties agree that Rabbi Etrogim signify will arbitrate any dispute.*

Signed _____          Signed _____
          Yaakov Charlap                                    Bezalel Shwartzman

א"ה אלול תשס"ה בס"ד ... אל שא ...

04:15p        CHARLEX                    718 380 8463            p.1

## הוספה ובירור להסכם שנחתם בכ"ב סיון תשס"ה בין בצלאל שוורצמן לבין יעקב חרל"פ.

א. יעקב חרל"פ מתחייב לשלם לרנן שוורצמן בעד כל אתרוג שנשלח אליו ע"י אתרוגי שוורצמן ע"פ הפירוט שבהסכם המקורי.

ב. זמני התשלום יהיו כמפורט בהסכם המקורי.

ג. כל האתרוגים שיקטפו מר"ח אלול ועד צום גדליה- ליעקב חרל"פ תהיה זכות ראשונים עליהם.

ד. למען הסר ספק, 2% "ראשונים-שניים" באתרוגי הבל"פ האמורים בהסכם, הכוונה למגב "ראשונים מ' " בלבד.

ה. האחריות הבלעדית למיון האתרוגים הינה של הממיינים של שוורצמן וע"פ שיקול דעתם בלבד, תוך פיקוח של מישהו מטעמו של יעקב חרל"פ.

ו. מרגע הגעתם של האתרוגים לאמריקה הלה על יעקב חרל"פ האחריות הבלעדית לשלמותם- אם יוזקו שוורצמן לא ישא באחריות לדבר, אלא אם כן האתרוגים יוזקו בשידה החשופה מסיבה הקשורה לשוורצמן דווקא.

ז. אם יהיו ליעקב חרל"פ טענות כלשהם כלפי שוורצמן לגבי סעיף מסויים בהסכם, אין הדבר יהווה עילה לעיכוב התשלום. המשלום~ישולם~בזמנו~ובמלואו~ואם~ישמרו~ליעקב~הבל"פ~הזכות~לתבוע~את~שוורצמן~לדין~מתנה~בעשתם.

ח. יעקב חרל"פ מתחייב שלא להערים להשאיר קשיים על סוחרים אחרים אשר מוכרים את אתרוגי שוורצמן באמריקה, וישא בכל נזק כספי שיגרם אם לא יעמוד בכך.

ט. החוב יחשב כמגור רק לאחר העברה בנקאית לחשבוי של שוורצמן.

י. מקום-הבלהמב~בכל~טענה-של-אחד-הצעמים-הינ~בית הדין של הרב שטרן ברחוב הרב קוק 1 בבני-ברק.

יא. נספח זה מבטל את הגדרתו של אליעזר ססבנצקי כבורר מוסכם כמובא בהסכם המקורי.

תאריך:        ק 2005 / 8 / 9



יעקב הרל"פ.        רנן שוורצמן        בצלאל שוורצמן

בית הדין של הרב שטרן - בני ברק

Sep. 09 2005 05:38PM

FAX NO. :972 4 6521234

FROM :SHWARTZMAN BEZALEL



# INTER-GLOBAL TRANSLATION SERVICES

574 Church Avenue
Woodmere, NY  11598
Tel: (516) 295-0913

CERTIFICATE OF ACCURACY

This is to certify that the attached documents were translated by a translator
affiliated with Inter-Global Translation Services and that (s)he is thoroughly
familiar with the Hebrew and English languages and that (s)he translated the
attached documents relating to:

'Judgment in the dispute between Yaakov Harlap and Betzalel Schwartzman'

from the Hebrew language into the English language and that the English text
is a true and correct translation of the original to the best of his/her
knowledge and belief.

_____
Translator

State of New York    )    ss:
County of Nassau     )

Subscribed to before me on this
8th day of December 2008

_____
Notary Public

KLEIN, NOTARY PUBLIC
OF NEW YORK
NO. 01KL4760427
COMMISSION EXPIRES MARCH 30, 20__

**BEIT HORA'AH — MONETARY LAWS**
West Bnei-Brak
**Under the leadership of our teacher, the sage Rabbi Shmuel Eliezer Stern, may he**
live a good and long life.
Rehov Rabi Akiva 48 (Kook 1) Bnei Brak
Tel:  03-6161616, Telefax:  03-6186395 — 0527-6161-73

With the help of the Almighty,  <u>Tuesday,  4 Tishrei 5767</u>
September 26, 2006

# JUDGMENT

In the matter of the dispute between Harav Yaakov Harlap and between Harav
Betzalel Schwartzman and his son, after the parties signed an Arbitration
Agreement and after hearing the arguments, I issued the following judgment:

Notwithstanding the harsh objections and arguments that Rav Harlap has against
the quality of the shipment and other various complaints, nevertheless, since he
did have an opportunity to delay and examine each and every esrog and since the
supervision on his part was executed, and moreover there is a confirmation
signed by Rav Harlap on the quality and the price of the merchandice, and there
was no notification to cancel it,

Therefore, in my opinion, there is no justifiable reason according to Halacha to
delay the remainder of the payment upon which the defendant aigned by his own
signature and therefore, he has to pay the sum in full within 30 days from the
above-mentioned date.

The entire sum should be deposited only into the hands of the Court secretaryl

The sum of the debt is $66,000.00 (sixty-six thousand dollars)

In witness whereof, I have hereunto affixed my signature

(Signature) / Shmuel Eliezer Stern

Stamp:  BEIT HORA'AH — MONETARY LAWS
        Rabi Akiva 48, Bnei-Brak

Hours of operation for Beit Hora'ah — Monetary Laws
Tuesdays, evening hours, by appointment:  05276-16175

בית הוראה – דיני ממונות
סערב בני–ברק

בראשות מורינו הגאון רבי שמואל אליהו שטרן שליט"א

רחוב רבי עקיבא 48 (קומ ו) בני ברק

טלפון: 6161616–03 – טלפקס: 6186395–03 – פד–6161–052

---

מד"ן יום        שלישי ד' תשרי תשס"ז

# פסק דין

בדין דברים שבין הר"ר יעקב חרל"פ לבין הר"ר בצלאל שוורצמן ובנו,

לאחר חתימת הצדדים על שטר הבוררות ושמעת הטענות יצא מאתי פסק הדין כדלהלן:

הנה למרות ההשגות והטענות הקשות שיש להר"י חרל"פ נגד מיב המשלוח ועוד מענות שונות,

אעפ"כ מכיון שנוכחתי לו ההזדמנות לעקוב ולבדוק כל אתרוג ואתרוג ואבן הפיקחה מטעמו ניתבצע,

ובנוסף לכך יש אישור בחתימת ידו של הר"י חרל"פ על מיב הסחורה ועל מחירה, לא נעשתה מסירת

מודעה כנגדה לבמלה.

אי לכך אין לדעתי סיבה מצדקת עפ"י הלכה לעכב את התשלום הנותר שעליו חתם התובע בחתימת

ידו ולכן עליו לפרוע את הסכום במלואו תוך שלושים יום מהתאריך הנ"ל.

יש להפקיד את כל הסכום אך ורק בידי מזכירות בית הדין.

סכום התשלום הינו סן 66,000 ₪ (סו"ר: ...., ....)

ועל זה באתי על החתום





# INTER-GLOBAL TRANSLATION SERVICES

574 Church Avenue
Woodmere, NY  11598
Tel: (516) 295-0913

CERTIFICATE OF ACCURACY

This is to certify that the attached documents were translated by a translator affiliated with Inter-Global Translation Services and that (s)he is thoroughly familiar with the Hebrew and English languages and that (s)he translated the attached documents relating to:

'Protocol in the dispute between Yaakov Harlap and Betzalel Schwartzman'

from the Hebrew language into the English language and that the English text is a true and correct translation of the original to the best of his/her knowledge and belief.

_____
Translator

State of New York      )    ss:
County of Nassau       )

Subscribed to before me on this
8th day of December 2008

_____
Notary Public

KLEIN, NOTARY PUBLIC
STATE OF NEW YORK
REG. NO. 01KL4760427
COMMISSION EXPIRES MARCH 30, 20_0_

Emblem
State of Israel

Jerusalem Magistrate's Court

002342/06 A

Before:  The Honorable Judge Oded Shacham

Date:  June 5, 2007

In the matter of:   Harlap Yaakov

The Plaintiff

- a g a i n s t -

Betzalel      Schwartzman Betzalel

The Defendant

Present:  Plaintiff's representative,   attorney Sari Meytal
Defendant's representative   attorney Green

## Protocol

**Plaintiff's representative**:  We request the Court to make a Judgment after issuing clarification that for the questions that remain open a clarification was issued and there is room for confirm the arbitrator's decision and not to burden the arbitrator with an additional deliberation after his clarification and after his adjudication.

**Defendant's representative**:  First of all, the actual point of precluding protection to the arbitrator speaks for itself and it was actually the plaintiff who imposed affidavits upon this court when we asked to transfer this case and my friend submitted affidavits on the severe progression of this court.  They also used this opportunity to file an affidavit of the court's progression. Peculiarities and hard questions are raised here and the findings of the court will not answer them.

**Plaintiff's representative**:  Upon further consideration, the proposal of the court to resolve the matter is acceptable to me.

- 2 -

**The representatives of the parties:**  By the recommendation of the court, and without anyone of the parties admitting to any objections whatsoever, we reached the following arrangement, for a complete and decisive conclusion of procedures to endorse the arbitration:

A.   The parties will submit to the arbitrator a complementary argument within scope that is not to exceed 2 pages for each party, within three days in the following two subjects:  1.  Harlap's argument that Schwartzman sold esrogs to a third party  (Mr. Halberstram) and by so doing caused Harlapa financial loss of $100,000.- through the harsh breach of the agreement between the parties.  2.  That Schwartzman deliberately hid from Harlap the date and the time of the harvest in order to hide the choice harvest to leave it in his hands and/or to sell it to a third party amongst them to Mr. Halberstam which is what he actually did.

B.   Following this, the arbitrator will notify in writing whether or not his decision on these issues changed.

C.   It is agreed, that the notification of the said arbitrators will constitute the final say in the arbitration procedures that took place in   their presence and both parties will refrain from taking any further   steps in the matter, and will accept the decision as a final decsion.

D.   It is agreed that the party whose position will not be accepted by the arbitrator will pay the other party for expenditures in the sum of NS 2,000.- together with value-added-tax in accordance with the law.

## D E C I S I O N

The decision is granted the power to arrange the above-mentioned matter. The parties will report by August 10, 2007, on the results of the agreed upon actions.  Deliberation on August 15, 2007.

Issued today, 19 Sivan 5767  (June 5, 2007) in the presence of the parties.

Oded Schacham,   Judge

Stamp:  Magistrate's Court
              Jerusalem

January 21, 2008
Received & Inspected
Secretary

Stamp:   Magistrate's Court in Jerusalem
I confirm that this is a true copy
of the original
January 21, 2008        (Signature)
Date                  Deputy Chief
                      Secretary

1.



בתי המשפט

בית משפט השלום ירושלים                                          א 002342/06

לפני:   כב' השופט עודד שחם                          תאריך:   05/06/2007

בעניין:   חרל"פ יעקב                                                          התובע

נ ג ד

שוורצמן בצלאל                                                                הנתבע

נוכחים:   ב"כ התובע עו"ד סרי ועו"ד עזריאלי
          ב"כ הנתבע עו"ד גרין

## פרוטוקול

ב"כ התובע: אנו מבקשים שבית המשפט יפסוק לאחר מתן ההבהרה כי לשאלות שנשארו פתוחות
ניתנה הבהרה וכי יש מקום לאשר את פסק הבורר ולא להטריד את הבורר בדיון נוסף לאחר
חבהרתו ולאחר פסיקתו.

ב"כ הנתבע: ראשית עצם הנקודה שמניעה הגנה לבורר מדברת בעד עצמה דווקא התובע הוא זה
שהטיל תצהירים על בית הדין הזה כאשר אנו ביקשנו להעביר את התיק הזה וחברי הגיש
תצהירים על התנהלות חמורה של בית משפט זה. בהזדמנות זו הם גם הגישו תצהיר של התנהלות
בית הדין. עולות פה תמיהות ושאלות קשות והכרעת בית המשפט לא תנעם.

ב"כ התובע: לאחר שקילה נוספת, הצעת בית המשפט לפתרון העניין מקובלת עלי.

באי כוח הצדדים: בהמלצת בית המשפט, ובלא שמי מהצדדים מודה בטענה כלשחי, הגענו להסדר
הבא, לסיום מלא ומוחלט של חליכי אישור הבוררות:

א.   הצדדים יגישו לבורר טיעון משלים בהיקף שלא יעלה על שני עמודים לכל צד, תוך
     שלושים ימים, בשני הנושאים הבאים: 1. טענת חרל"פ כי שוורצמן מכר אתרוגים לצד ג'
     (מר הלברשטם) ובכך גרם לחל"פ הפסד כספי של $100,000 והכל תוך הפרה בוטה של
     ההסכם בין הצדדים. 2. כי שוורצמן העלים במכוון מחרל"פ את מועד ושעת הקטיף והכל



**בתי המשפט**

בית משפט השלום ירושלים      א 002342/06

לפני:    כב' השופט עודד שחם      תאריך: 05/06/2007

1    כדי לאפשר להעלים את חבצ'ר. המובחר ולהותיר בידיו ו/או למוכרו לצד ג' ובין היתר
2    למר הלברשטט כפי שאכן עשה.

ב.    3    בהמשך לכך, יודיע חבורר בכתב אם הכרעתו בסוגיות אלה משתנה, אם לאו.

ג.    4    מוסכם, כי הודיע הבורר האמורה לתהווה סוף פסוק בהליכי הבוררות שנוהלו בפניו, ושני
5    הצדדים לא ינקטו הליכים נוספים בעניין, ויקבלו את ההחלטה כסופית.

ד.    6    מוסכם כי הצד אשר עמדתו לא תתקבל על ידי הבורר ישלם לצד שכנגד הוצאות בסך של
7    2,000 ש"ח וצירוף מע"מ כדין.

8

9    **החלטה**

ניתן בזה תוקף של החלטה לחסדר הנ"ל. הצדדים ידווחו עד ליום 10.8.07, על תוצאות
הפעולות המוסכמות. עיון ביום 15.8.07.

ניתנה היום י"ט בסיון, תשס"ז (5 ביוני 2007) במעמד הצדדים.

10

עודד שחם, שופט

11
12
13

בית משפט השלום
ירושלים (113)
21 -01- 2008
נעתקבצ/נבדק

ג.ה משפט השלום בירושלים
אני מאשר
העתק זה נכון ומתאים למקו
תאריך 71 — מזכיר ראשי

בית המשפט השלום בירושלים
אני מאשר
שהעתק זה נכון ומתאים למקור
תאריך 75 — מזכיר ראשי

אילה מזרחי
סגנית מזכיר ראשי בכירה
בית משפט השלום ירושלים (11)



# INTER-GLOBAL TRANSLATION SERVICES

574 Church Avenue
Woodmere, NY  11598
Tel: (516) 295-0913

CERTIFICATE OF ACCURACY

This is to certify that the attached documents were translated by a translator
affiliated with Inter-Global Translation Services and that (s)he is thoroughly
familiar with the Hebrew and English languages and that (s)he translated the
attached documents relating to:

'Clarification in the dispute between Yaakov Harlap and Betzalel Schwartzman'

from the Hebrew language into the English language and that the English text
is a true and correct translation of the original to the best of his/her
knowledge and belief.

_____
Translator

State of New York    )    ss:
County of Nassau      )

Subscribed to before me on this
8th day of December 2008

_____
Notary Public

KLEIN, NOTARY PUBLIC
TE OF NEW YORK
NO. 01KL4760427
COMMISSION EXPIRES MARCH 30, 20__

**BEIT HORA'AH — MONETARY LAWS**
West Bnei-Brak
Under the leadership of our teacher, the sage Rabbi Shmuel Eliezer Stern, may he
live a good and long life.
Rehov Rabi Akiva 48 (Kook 1) Bnei Brak
Tel:   03-6161616,  Telefax:   03-6186395 - 0527-6161-73

With the help of the Almighty,   23 Av 5767

August 7, 2007

I hereby clarify that the additional arguments of Rav Harlap were already raised
during the deliberations and notwithstanding this, I wrote in the Judgment dated
4 Tishrei 5767  (September 26, 2006) that in my opinion Rav Harlap is not
entitled to delay the remaining payment, i.e. $66,000. — to the benefit of Mr.
B. Schwartzman.

In witness whereof, I have hereunto affixed my signature

(Signature) / Shmuel Eliezer Stern

Stamp:  BEIT HORA'AH — West Bnei-Brak
        Rabi Akiva 46-48
         Tel:  03-6161616,  Telefax:   03-6186395

# בית הוראה – דיני ממונות

## מערב בני–ברק

### בראשות מו"ר הרב הגאון רבי שמואל אלעזר שטרן שליט"א

רחוב רבי עקיבא 48 (קומה 1) בני ברק

טלפון: 03-6161616 – טלפקס: 03-6186395 – צד-6161-6527

לג' אב תשס"ז

מדי יום

הנני להבהיר כי המצאות הנוספות של הר"י חרל"פ הועלו כבר בעת הדיונים

ולמרות זאת כתבתי בפסה"ד מיום ד' תשרי תשס"ז שלדעתי

אין הר"י חרל"פ זכאי לעכב את התשלום הנותר,

דהיינו, 66,000 $ לטובת מר ב. שווארצמן.



# INTER-GLOBAL TRANSLATION SERVICES

574 Church Avenue
Woodmere, NY  11598
Tel: (516) 295-0913

CERTIFICATE OF ACCURACY

This is to certify that the attached documents were translated by a translator affiliated with Inter-Global Translation Services and that (s)he is thoroughly familiar with the Hebrew and English languages and that (s)he translated the attached documents relating to:

'Court Decision in the dispute between Yaakov Harlap and Betzalel Schwartzman'

from the Hebrew language into the English language and that the English text is a true and correct translation of the original to the best of his/her knowledge and belief.

_____
Translator

State of New York    )    ss:
County of Nassau     )

Subscribed to before me on this
8th day of December 2008

_____
Notary Public

! KLEIN, NOTARY PUBLIC
TE OF NEW YORK
. NO. 01KL4760427
CO____ION EXPIRES MARCH 30, 20__

Emblem
State of Israel

Jerusalem Magistrate's Court                                  September 3, 2007

2342 / 2006 A

The Plaintiff:  Betzalel Schwartzman,
                Plaintiff's representative:  Sari Meytal


          -  against  -

The Defendant:  Yaakov Harlap
                Defendant's representative:  Green Tzemach


# D E C I S I O N


From the notification of the arbitrator it appears that his initial decision is
not changing.  From this, and in accordance with the arrangement that was agreed
upon on June 5, 2007, I hereby confirm the Judgment of the arbitrator. The
respondant will pay the applicant for the legal expenditures in the sum of
2,000.- Shekels, together with the value-added-tax.  The sum should be paid by
October 10, 2007.


Issued on September 3, 2007


                              ( - )
                         Shacham Oded,   Judge


       Magistrate's Court in Jerusalem
       I hereby certify
       That this is a true copy of the orignal
       January 21, 2008          ( - )          .
          Date              Chief Secretary


       Issued by Cohen Maya



בתי המשפט

03/09/2007

א 2006 / 2342

בית משפט השלום ירושלים

התובע: בצלאל שוורצמן

ב"כ תובע: סרי מיטל

-נגד-

הנתבע: יעקב חרל"פ

ב"כ נתבע: גרין צמח

## החלטה

מהודעת הבורר עולה כי הכרעתו הראשונה אינה משתנה. משכך, ובהתאם להסדר המוסכם מיום 5.6.07, אני מאשר בזה את פסק הבורר על ידו. המשיב ישלם למבקש הוצאות משפט בסך של 2,000 ש", בצירוף מע"מ כדין. הסכום ישולם עד ליום 10.10.07.

ניתן ביום 03/09/2007

(-)

שחם עודד, שופט

בית המשפט השלום בירושלים
**אני מאשר**
שהעתק זה נכון ומתאים למקור
תאריך 21.1.08-75/ מזכיר ראשי

הופק ע"י כהן מאיה